BLD-027                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2477
_____

BRANDON GROSSINGER, Individually and as Executive Director of Bunnys Flowers,
Appellant

v.

MARK LICHTY; ADAM LICHTY; OAK TREE PROPERTIES, INC; LICHTY FARM,
LLC; DAVID GROVERMAN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:25-cv-02510)
District Judge: Honorable Wendy Beetlestone
_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2025
Before: KRAUSE, MATEY, and BOVE, Circuit Judges

(Opinion filed: December 11, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Brandon Grossinger, proceeding pro se and in forma pauperis (IFP), appeals from the District Court's order dismissing his claims arising under the Americans with Disabilities Act (ADA) and the First Amendment. We will summarily affirm.

I.

Brandon Grossinger, executive director of a § 501(c)(3) non-profit, Bunny's Flowers (Bunny's), filed a complaint on behalf of himself and the organization against defendants Mark and Adam Lichty; Lichty Farm, LLC; Oak Tree Properties; and David Groverman, alleging that they had violated his rights under the ADA and the First Amendment, and had interfered with Bunny's government contracts. Grossinger moved to proceed IFP, and the District Court granted the motion for Grossinger as an individual, but denied the motion as to the non-profit Bunny's, because only natural persons can proceed IFP. The Court also informed Grossinger that, as a non-lawyer, he could not represent Bunny's, and stated that Bunny's had to retain counsel if it wished to pursue the action.

Grossinger moved for a preliminary injunction and temporary restraining order (TRO) to prevent the defendants from initiating eviction proceedings against Bunny's, but the Court denied the request after a hearing conducted on July 9, 2025. The Court also dismissed, without prejudice, Bunny's claims from the case for failure to prosecute, because the organization failed to obtain counsel. The Court, determining that any amendment would be futile, dismissed Grossinger's individual federal claims with

prejudice pursuant to 28 U.S.C. § 1915(e)(2), and dismissed his state claims without prejudice to his ability to bring those claims in state court.

Grossinger's timely appeal followed. He has filed numerous motions in this Court, requesting, among other things, to compel the production of the transcript from the July 9, 2025, TRO hearing at the government's expense.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo an order dismissing a complaint under 28 U.S.C. § 1915(e)(2)(B)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A dismissal for failing to state a claim is proper when "accepting all factual allegations as true and construing the complaint in the light most favorable to the plaintiff, we determine that the plaintiff is not entitled to relief under any reasonable reading of the complaint." McGovern v. City of Phila., 554 F.3d 114, 115 (3d Cir. 2009). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

At the outset, the District Court properly dismissed Bunny's organizational claims for failure to prosecute, because Bunny's was not entitled to proceed IFP and did not retain counsel. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196, 202 (1993). Grossinger claims that the transcript from the July 9, 2025, TRO hearing is necessary for this appeal, because he alleges that the District Court compelled him to act as Bunny's counsel during the hearing and therefore the Court is

3

judicially estopped from penalizing Bunny's for failing to obtain counsel. Nothing that allegedly occurred during this hearing would upset the District Court's proper application of what "has been the law for the better part of two centuries," id. at 201-02, and thus there is no basis to compel production of the transcript at the government's expense. See generally 28 U.S.C. § 753(f).

On his own behalf, Grossinger alleged that the defendants violated his rights under the ADA and the First Amendment. The District Court properly dismissed these claims. Although Grossinger identifies himself as a disabled person, he failed to plausibly allege that defendants, who apparently rented him farmland, are subject to the ADA's statutory requirements as employers, public entities, or operators of a public accommodation. See 42 U.S.C. §§ 12111, 12131, 12181; see also 42 U.S.C. § 12181(7) (defining the term "public accommodation"); cf. Welsh v. Boy Scouts of Am., 993 F.2d 1267, 1274 (7th Cir. 1993) (holding that "[a] private home is not the type of facility governed under Title II"). Because Grossinger has failed to allege that the defendants are subject to ADA compliance, the District Court properly dismissed Grossinger's individual claims brought under the ADA.

Nor did the District Court err in dismissing Grossinger's First Amendment claims, because he failed to sufficiently allege that the defendants were state actors or that they were acting under the color of law. See West v. Atkins, 487 U.S. 42, 48 (1988). While state action can exist where "[a] private party has acted with the help of or in concert with state officials," Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009) (quotation marks

4

omitted), the District Court correctly concluded that Grossinger's references to the Pennsylvania Department of Transportation (PennDOT) and Buckingham Township's Code Enforcement official were insufficient to allege that the defendants acted in concert with the state.[1]

After dismissing his federal claims, the Court was within its discretion to decline to exercise supplemental jurisdiction over Grossinger's state-law claims. See Figueroa v. Buccaneer Hotel Inc., 188 F.3d 172, 181 (3d Cir. 1999).[2] Finally, the District Court did not abuse its discretion in determining that leave to amend the complaint would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002).

Accordingly, we will summarily affirm the judgment of the District Court. All of appellant's pending motions are denied.

---

[1] For similar reasons, the District Court did not err in denying injunctive relief.

[2] The District Court correctly concluded that Grossinger had not established diversity jurisdiction. See 28 U.S.C. § 1332(a).